UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAAI J. WILLIAMS, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>KAREN BRUNSON,<br><br>    Respondent. | Case No.  C06-5715 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**September 21, 2007** |

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Petitioner seeks to challenge a prison disciplinary hearing. (Dkt. # 8).  Respondent has filed an answer (Dkt. # 15) and submitted relevant portions of the state court record (Dkt. # 16).  This matter is ripe for review.  Upon review, it is the Court's recommendation that the petition be dismissed with prejudice as Petitioner has failed to properly exhaust his state court remedies.

**I.  BASIS OF CUSTODY**

Petitioner is in custody pursuant to his conviction for first degree murder. (Dkt. # 16, Exh. 1).  However, Petitioner does not challenge his underlying judgment and sentence, but challenges a prison disciplinary proceeding that occurred on June [27], 2005.  (Dkt. # 8 at pp. 1, 5-10; Dkt. # 16,

REPORT AND RECOMMENDATION
Page - 1

Exh. 2, p. 2).

## II. STATEMENT OF THE CASE

**A.     Statement of Facts**

The Washington Court of Appeals summarized the following facts surrounding Petitioner's challenge to the disciplinary proceedings:

> Williams was sentenced to over 45 years in prison following his conviction for first degree murder. In June 2005, while incarcerated at the Clallam Bay Corrections Center, Williams was placed in administrative segregation pending investigation that he was involved in a conspiracy to introduce illegal drugs into the facility. Williams was eventually charged with committing a serious infraction under WAC 137-28-260(603) for possession, introduction or transfer of any narcotic or controlled substance, illegal or unauthorized drug, or drug paraphernalia. The serious infraction report described the basis for the alleged infraction:
>
>> On 6/10/05 an investigation was initiated by the CBCC intelligence and investigation unit to determine the involvement of I/M Williams #951741 in a conspiracy to introduce a controlled substance into CBCC. Initial information received indicated that I/M Williams was planning a narcotics introduction into CBCC during the Juneteenth celebration. I heard I/M Williams speaking with a female community member setting up a narcotics transfer. During an interview, I/M Williams stated that he was facilitating a narcotics transfer, however, the narcotics were not going to be introduced into the facility, but they were going to be sold by his sister on the street so she could make some money. This investigation was concluded on 6/27/05.
>
> At a disciplinary hearing on June 27, 2005, Williams requested one witness statement, which was read into the record. Williams denied having a conversation with his sister or attempting to facilitate a drug transfer. Williams stated that "Investigator Winters had lied about the conversation." Despite this testimony, the hearing officer found Williams guilty of the 603 infraction. The hearing officer imposed sanctions including the loss of 30 days of good time credit.

(Dkt. # 16, Exh. 2, pp. 1-2).

**B.     Statement of Procedural History**

REPORT AND RECOMMENDATION
Page - 2

On November 3, 2005, Seraiah L. K. Williams filed a personal restraint petition in the Washington Court of Appeals on behalf of Petitioner. (Dkt. # 16, Exh. 3). The Court of Appeals dismissed the personal restraint petition on March 17, 2006. (*Id*. at Exh. 2).

Petitioner had thirty days, until April 17, 2006, to file a motion for discretionary review of the order dismissing the petition. RAP 13.5(a); RAP 16.14(c). Petitioner did not file a motion for discretionary review by April 17, 2006.

On May 10, 2006, Seraiah Williams attempted to file a motion for discretionary review on behalf of Petitioner. (Dkt. # 16, Exh. 6). The court determined that the pleading was untimely because it had been filed after April 17, 2006 and rejected the pleading for filing, placing it in the unfiled papers section. (*Id*. Exh. 6). The court also determined that Ms. Williams was not licensed to practice law in the State of Washington, and she had no authority to submit a pleading on Petitioner's behalf. (*Id*.).

On May 31, 2006, Petitioner filed a motion for discretionary review (*Id*., Exh. 8) and a motion for an extension of time to file the motion for discretionary review. (*Id*., Exh. 7). The Washington Supreme Court denied Petitioner's request for an extension of time to file a motion for discretionary review. (*Id*., Exh. 10). The state court issued a certificate of finality on August 25, 2006. (*Id*., Exh. 11).

### III. ISSUES

Petitioner presents this Court with the following grounds for habeas corpus relief:

1  I did not receive the fundamental right to a fair hearing.

2.  The hearing officer's decision was not supported by "some evidence."

3.  The appeal I submitted to the Superintendent of Clallam Bay Corrections Center was not responded to within the Washington Administrative Code (WAC) requirements thus violating my due process rights.

REPORT AND RECOMMENDATION
Page - 3

4.  I was unlawfully detained in administrative segregation which resulted in me having additional sanctions for this infraction.

(Dkt. # 8, pp. 5-10).

## IV. EXHAUSTION OF STATE REMEDIES

In order to satisfy the exhaustion requirement, Petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

As is more fully discussed below, Petitioner failed to fully and fairly exhaust his habeas corpus grounds for relief on a federal constitutional basis to the Washington Supreme Court.

## V. EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. . . .

28 U.S.C. § 2254(e)(2).

"[T]he statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'" *Williams v. Taylor*, 529 U.S. 420, 430 (2000). "[A] failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 432. "Diligence for

REPORT AND RECOMMENDATION
Page - 4

purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend ... upon whether those efforts could have been successful." *Id*. at 435; *Baja v. Ducharme,* 187 F.3d 1075, 1078-79 (9th Cir. 1999).

A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (*en banc*), *cert. denied*, 511 U.S. 1119 (1994).   Even if 28 U.S.C. § 2254(e)(2) does not bar an evidentiary hearing, the decision to hold a hearing is still committed to the Court"s discretion. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1939-41 (2007); *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan*, 127 S. Ct. at 1939-40; *Townsend v. Sain*, 372 U.S. 293, 312 (1963).

As Petitioner's claims are procedurally barred and may be denied as a matter of law based on the existing record, he is not entitled to an evidentiary hearing.

## VI.  STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac,* 456 U.S. 107 (1983).  28 U.S.C. § 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law.  *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Estelle v. McGuire,* 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was

REPORT AND RECOMMENDATION
Page - 5

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## VII.  DISCUSSION

**A.     Petitioner's Claims Are Procedurally Barred As He Failed to Present Them To The Washington Supreme Court**

A state prisoner must exhaust state remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer*, 481 U.S. 129, 134 (1987). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), *cert. denied*, 513 U.S. 935 (1994). The exhaustion doctrine is based upon comity, not jurisdiction. *Rose v. Lundy,* 455 U.S. 509, 518 (1982). It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A claim must be "fully and fairly" presented to the state's highest court so as to give the state courts a fair opportunity to apply federal law to the facts. *Anderson v. Harless*, 459 U.S. 4 (1982); Picard v. Connor, 404 U.S. 270, 276-78 (1971). The petitioner must present the claims to the state highest court, even where such review is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Petitioners must alert state courts "to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must

REPORT AND RECOMMENDATION
Page - 6

expressly apprise the state courts that an alleged error is not only a violation of state law, but also a violation of the Constitution. *Id.* "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996).

Vague references to broad constitutional principles such as due process, equal protection and a fair trial do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999); *Gatlin v. Madding,* 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 120 S. Ct. 815 (2000). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray*, 518 U.S. at 163.  Even where the petitioner argues an error deprived him of a "fair trial" or the "right to present a defense", unless the petitioner expressly states he is alleging a specific federal constitutional violation, the petitioner has not properly exhausted the claim. *Johnson*, 88 F.3d at 830-31.

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); Shumway v. Payne, 223 F.3d 982 (9th Cir. 2000). The court must honor the procedural bar even if the state court reaches the merits in an alternative holding. *Harris*, 489 U.S. at 264 n. 10. A claim is also barred, despite the absence of a "plain statement", where the petitioner failed to exhaust state remedies and the state courts would now find the claim to be procedurally barred. *Coleman*, 501 U.S. at 735 n. 1; *Noltie*, 9 F.3d at 805.

Petitioner failed to properly exhaust the claims presently before this Court as he did not

REPORT AND RECOMMENDATION
Page - 7

fairly present the claims to the Washington Supreme Court.  Petitioner filed a personal restraint petition challenging the disciplinary proceedings (Dkt. # 16, Exh. 3).   The Court of Appeals dismissed his petition, stating as follows:

> Williams contends that his due process rights were violated when he was not provided transcripts of both his interview with Officer Schneider and the phone conversation he had with his sister.  Williams appears to argue that, since the Intelligence and Investigators Unit act as the "police" for each DOC institution, one may reasonably assume that it employs the same tactics as police.  This argument, however, is based on nothing more than sheer speculation and conjecture.  There is only speculation that phone conversations and interviews with inmates suspected of violating prison rules are recorded, and that, even if they are recorded, the recordings would be helpful to Williams.  Under the circumstances, Williams has not shown that he was denied his right to a fundamentally fair hearing.
>
> The record shows that Williams received adequate notice of the charge against him and was given a fair opportunity to marshal a defense.  Northing more is constitutionally required.  See Arment v. Henry, 98 Wn.2d 775, 781, 658 P.2d 663 (9183).  The hearing officer based his decision "on staff written testimony."  Staff Officer Schneider submitted a written statement in which he stated that Williams admitted have facilitated a narcotics transfer to Williams' sister so that she could sell drugs on the street.  And, while Williams denies making that admission, this court is not in a position to second guess the hearing officer's credibility determination.  See Burton, 80 Wn. App. at 587-88. Viewed in light of the deferential standard of review, the evidence before the hearing officer was constitutionally sufficient.  Because the information provided some evidence that Williams committed the 603 infraction, the hearing officer's determination of guilt was not arbitrary and capricious.
>
> Williams also appears to complain the Department has improperly refused to release him back into the general prison population.  Williams' arguments presuppose that the Department is obligated to place inmates in the least restrictive custody classification available.  No such duty exists.  Inmates in Washington do not have a protected liberty interest in maintaining favorable custody classifications.  In re Dowell, 100 Wn.2d 770, 772-75, 674 P.2d 666 (1984); see also Meachum v. Fano, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976) (transfer from general population to maximum security is "within the normal limits or range of custody which the conviction has authorized the State to impose," even when the conditions in maximum security are "substantially more burdensome").  Hence, Williams has not stated grounds upon which relief can be granted by way of a personal restraint petition.

(Dkt. # 16, Exh. 2, pp. 2-4).

Following dismissal of his personal restraint petition on March 17, 2006, Petitioner had

REPORT AND RECOMMENDATION
Page - 8

thirty days to file a motion for discretionary review. RAP 13.5(a); RAP 16.14(c). Petitioner did not timely file a motion for discretionary review of the order dismissing the petition. (*Id*., Exh. 6). The Washington Supreme Court rejected for filing the motion submitted by Seraiah Williams because the motion was untimely and because Ms. Williams was not a licensed attorney. (*Id*.). The Court also denied Petitioner's request for an extension of time to file a motion for discretionary review, stating that Petitioner had not shown the extraordinary circumstances justifying an extension of time:

> Inmate Kaai Williams challenged a prison disciplinary action by personal restraint petition. The acting chief judge of Division One of the Court of Appeals dismissed the petition on March 17, 2006. On May 10, 2006, a person named Seraiah Williams filed a motion for discretionary review on Mr. Williams's behalf. Because the motion was untimely and the person who presented it had no evident authority to act on Mr. Williams's behalf, this court rejected the pleading for filing. On May 31, the court received a motion that Mr. Williams himself signed (though the name on the front cover is again Seraiah Williams) along with a motion for extension of time.
>
> The 30-day time limit for filing a motion for discretionary review will be extended only in extraordinary circumstances and to prevent a gross miscarriage of justice. RAP 18.8(b). Mr. Williams claims only that he was unaware of the time limit and that he has obtained additional information that was unavailable when he filed his personal restraint petition. But the cover letter informing Mr. Williams of the acting chief judge's order cited the appellate rules specifying the time limit for seeking review. And Mr. Williams does not explain what "additional information" he has obtained. He thus demonstrates no extraordinary circumstances justifying an extension of time. Nor does he show that an extension is necessary to prevent a gross miscarriage of justice.

(*Id*., Exh. 10).

Washington law prohibits the filing of successive personal restraint petitions. RCW 10.73.140; RAP 16.4(d). A court must dismiss a personal restraint petition if the petitioner either raised the same claim in a prior petition, or the petitioner fails to show good cause for not having raised the new claim in the earlier petition. *Shumway v. Payne*, 136 Wn.2d 383, 964 P.2d 349 (1998); *In re Johnson,* 131 Wn.2d 558, 933 P.2d 1019 (1997); *In re Crabtree*, 141 Wn.2d 577, 582-

REPORT AND RECOMMENDATION
Page - 9

89, 9 P.3d 814 (2000); *In re Greening*, 141 Wn.2d 687, 699-700, 9 P.3d 206 (2000); *State v. Crumpton*, 90 Wn. App. 297, 952 P.2d 1100 (1998).

As Petitioner has already filed a personal restraint petition collaterally attacking the disciplinary hearing in the Washington state courts, RCW 10.73.140 now bars him from filing a second personal restraint petition raising these issues as federal constitutional ones. Petitioner may only receive review of these defaulted claims if he can prove cause and actual prejudice or a fundamental miscarriage of justice.

**B.     Petitioner Cannot Show Cause and Prejudice or Fundamental Miscarriage Of Justice To Excuse His Procedural Default**

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 111 S. Ct. at 2565. To show "cause", the petitioner must show that some objective factor, external to the petitioner, prevented compliance with the state's procedural rule. *Id*. at 2566. The factor must not only have been external and objective, but it must have actually caused the petitioner's failure to properly exhaust a claim in compliance with state procedural rules. *Burks v. Dubois*, 55 F.3d 712, 717 (1st Cir. 1995). "The fact that [a petitioner] did not present an available claim or that he chose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996).

A petitioner can demonstrate "cause" by showing interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner cannot demonstrate cause to excuse a procedural default where the cause is fairly attributable to the petitioner's own conduct. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner cannot show cause for a

REPORT AND RECOMMENDATION
Page - 10

procedural default where the petitioner bears "the costs associated with an ignorant or inadvertent procedural default" or "where the failure to raise a claim is a deliberate strategy." *Coleman*, 111 S. Ct. at 2566. "An evidentiary hearing is not necessary to allow a petitioner to show cause and prejudice if the court determines as a matter of law that he cannot satisfy the standard." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993).

There is no evidence in this case of cause and prejudice or a fundamental miscarriage of justice. Because Petitioner cannot excuse his procedural default, his claims are not cognizable in this habeas corpus proceeding.

## VIII.  CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS the petition WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.\

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 21, 2007,** as noted in the caption.

DATED this  4th   day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 11